IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Jerome Heyward, | C/A No. 0:12-1780-TMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Evans Correction Institution; Dr. P. Drage, and Medical Staffs, | |
| Defendants. | |

The plaintiff, Anthony Jerome Heyward, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

At the time he filed his Complaint in this case, Plaintiff was incarcerated at Evans Correctional Institution, part of the South Carolina Department of Corrections' ("SCDC") prison system. According to a letter recently received from Plaintiff (ECF No. 18), he is currently in the Gilliam Psychiatric Hospital that is located at the Kirkland Correctional Institution, near SCDC headquarters in Columbia, South Carolina. From the SCDC internet website's inmate locator section, it appears that Plaintiff entered SCDC custody in May 2011 and began serving a twelve-year criminal sentence entered by the Charleston County General Sessions Court. South Carolina Department of Corrections, https://sword.doc.state.sc.us/scdc-public/ (last consulted September 21, 2012 (11:25am).

In the instant Complaint, Plaintiff alleges that his serious concerns about his physical health are being ignored and minimized by SCDC medical personnel at Evans Correctional Institution. (Compl., ECF No. 1 at 3). He alleges that he has had continuing digestive problems, pain in his stomach and chest, fatigue, blurry vision, and numbness in the left extremities, and that he has trouble eating, but fills up quickly. (Id. at 4.) He acknowledges that he has been given several tests provided by SCDC in an effort to diagnose and treat his health problems: two heart x-rays, three blood tests, two EKG's, a stomach/intestines x-ray, and a stool test. (Id. at 5.) He also has had multiple sign-up sick-call and emergency sick-call visits with medical personnel, and he wrote numerous requests to the Warden, alleging that he had "food poisoning" and asking for surgery for "tape worms," which he alleges he has in his intestines. (Id.) He alleges that when he saw Defendant Doctor Drago on April 5, 2012, he was given a laxative, but was refused a requested antibiotic. (Id. at 6.) He also alleges that when he complained about the same tapeworms and other symptoms, the doctor told him that his symptoms were all "in his head and not health problem." Plaintiff alleges that he is "a mental health patient" and that he believes the doctor is playing with his mind. The only relief he requests is an investigation into his allegations. (Id.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319,

PJG

324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Initially, the Complaint in this case should be summarily dismissed insofar as it names "Evans Correctional Institution" and "Medical Staff" as defendants.  To state a claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of

---

[2] Plaintiff's Complaint alleging medical indifference in the state prison system is construed as one pursuant to 42 U.S.C. § 1983.  Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

PJG

state law." See 42 U.S.C. § 1983; see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the collective term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. See Barnes v. Baskerville Corr. Ctr. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Evans Correctional Institution is an inanimate object: a building or group of buildings. It is not a "person." Preval, 57 F. Supp. 2d at 310. Moreover, the collective term "Medical Staffs" does not identify a person who may be liable under § 1983. See Barnes, 2008 WL 2564779. Because two of the named defendants are not persons, and because the face of the pleading does not disclose any other potential federal claim except one for possible medical indifference that necessarily falls under § 1983, the Complaint should be dismissed as to those defendants, leaving only one potentially liable Defendant: Dr. Drago.

Insofar as the Complaint may be liberally construed as one attempting to state a viable Eighth Amendment-based § 1983 claim against Dr. Drago for medical indifference, it should be summarily dismissed for failure to state a claim upon which relief may be



granted. Correctional systems are required to provide medical care to inmates. Helling v. McKinney, 509 U.S. 25 (1993). The Helling Court stated,

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment[.]

509 U.S. at 32 (quoting DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989); see also Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

With respect to medical care, a prisoner seeking compensation in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs*." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (emphasis added). In Estelle, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that x-rays should have been taken that were not. The United States Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) (emphasis added). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. Brown v. Thompson, 868 F. Supp. 326 (S.D. Ga.. 1994) (collecting cases).

*PJG*

Under Estelle, Defendant Drago's refusal to provide every test and all medications to Plaintiff that he (Plaintiff) thinks he needs and any negligence or possible malpractice that might have occurred while the Evans Correctional Institution's medical personnel were attempting to treat Plaintiff's medical problem do not rise to the level of compensable constitutional violations because indifference is not shown under the facts alleged. Estelle, 429 U.S. at 105. In Lamb v. Maschner, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the nature and extent of treatment provided is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

Lamb, 633 F. Supp. at 353; see Walker v. Peters, 863 F. Supp. 671 (N.D. Ill.1994) (under Farmer v. Brennan, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice"). For a claimant to prevail on such a claim, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Id. at 695. Instead, a prison official evinces deliberate indifference to a serious medical need

PJG

by intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05.

In this case, Plaintiff's allegations show that the Evans Correctional Institution's medical staff provided Plaintiff with considerable medical care for the medical problems that he claims to be having. Although Plaintiff thinks he needs more tests and medications and that Dr. Drago's diagnosis of psychiatrically based, as opposed to physically based, medical problems is not correct, the facts showing that numerous tests and visits with Plaintiff and medical staff members were provided and that continuing care is being provided show otherwise. In light of the allegations showing the considerable amount of medical care and treatment that Plaintiff has received and continues to receive and showing, essentially, only that Plaintiff disagrees with Dr. Drago's diagnosis, no viable medical indifference/Eighth Amendment claim is stated in this Complaint.

Furthermore, the decision of the Supreme Court of the United States in Farmer v. Brennan, 511 U.S. 825 (1994), does not require that process be issued in this case because, essentially, the allegations in the Complaint show only a disagreement as to the proper type and amount of medical treatment provided and a possible claim of medical malpractice by an one or more members of the institution's medical staff. It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. Estelle, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 328-36 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels and Ruefly when stating that "The district court properly held that Daniels bars an action under § 1983 for

negligent conduct[.]"). Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. See, e.g., Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990).

Although claims of negligence and medical malpractice are actionable under South Carolina law, they should be brought *only* in state court *unless* diversity of citizenship is present. See S.C. Code Ann.*,* § 15-78-30(a) (South Carolina Torts Claims Act governs negligence actions against a state official or employee); Browning v. Hartvigsen, 414 S.E.2d 115, 116-18, 116 n.1, 117 n.2 (S.C. 1992); see also Willis v. Wu, 607 S.E.2d 63 (S.C. 2004) (a malpractice action against non-governmental medical personnel; pursued under the state's general tort law). If there is diversity of citizenship and over $75,000 in controversy in a medical malpractice case, it can be heard in this court pursuant to its diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> > (1) citizens of different States[.]

*PJG*

28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). There is no diversity of citizenship in this case because Plaintiff and Defendant Drago are residents of the state of South Carolina as shown by the allegations in the Complaint and in the service documents submitted by Plaintiff. (Compl., ECF No. 1 at 2.) As a result, because Plaintiff has not pled a plausible claim of deliberate indifference to his medical needs and because there is no basis on which this court could consider a malpractice claim under diversity jurisdiction, this case is subject to summary dismissal without the issuance of process for Defendant Drago.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 22, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).